IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK ENSLEY,

        Plaintiffs,

vs.                                  Civ. No. 07-0208 CLH/LCS

NEW MEXICO BEHAVIORAL
HEALTH INSTITUTE AT LAS VEGAS,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court *sua sponte* to determine whether dismissal would be appropriate under the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Having considered the record and the applicable law, I recommend the following findings:

### Proposed Findings regarding *Ehrenhaus* Factors

1. Plaintiff filed his complaint alleging several claims pursuant to 42 U.S.C. § 1983 on March 1, 2007. (Doc. 1.)

2. The Court entered an order on March 8, 2007 granting Plaintiff's motion to proceed *in forma pauperis* and directing the United States Marshal to serve the summons and complaint personally on Defendant. (Doc. 2.)

3. The record reflects that Defendant has not answered. Because of this fact, I entered an Order to Show Cause on June 8, 2007. (Doc. 3.) I ordered Plaintiff to either proceed with litigation or show good cause for failure to prosecute by June 29, 2007 so that he could "avoid dismissal without prejudice . . . ." (*Id.* at 1.)

4. Federal Rule of Civil Procedure 12(a)(1)(A) provides that "a defendant shall serve

an answer within 20 days after being served with the summons and complaint . . . ." More than 20 days have elapsed since the Court directed the United States Marshal to serve the summons on Defendant. (Doc. 2 at 5.)

5.     Moreover, even assuming the United States Marshal did not serve the summons, Plaintiff is still not in compliance with the federal rules. Rule 4(m) directs plaintiffs to serve defendants "within 120 days after the filing of the complaint . . . ." FED. R. CIV. P. 4(m). Plaintiff's 120 day time limit for service expired on June 29, 2007.

6.     Plaintiff called my chambers on June 14, 2007 and asked if he could give verbal notice that he was interested in pursuing his case. My law clerk told him that verbal notice was insufficient, and that Plaintiff needed to comply with the Court's order entered on June 8, 2007. Plaintiff mentioned that not only did he forget to serve Defendant, but he also could not afford to carry out service. My law clerk advised Plaintiff to talk to the Clerk's office about his application to proceed *in forma pauperis*. (*See* Doc. 2.)

7.     Plaintiff's telephone call does not suffice as a response to the Order to Show Cause. The order specifically directed Plaintiff to supply a written response. (*See* Doc. 3 at 2.) Plaintiff's failure to comply with the federal rules and this Court's order demonstrates a manifest lack of interest in litigating his claims. *See Bills v. United States*, 857 F.2d 1404, 1405-06 (10th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

8.     According to *Ehrenhaus*, the Court should consider and address all of the following factors on the record before choosing the sanction of dismissal: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant . . .; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance . . .; and 5) the efficacy of

lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks and citations omitted).[1]

9.   I find that Plaintiff's inaction has not prejudiced the Defendants, but it has interfered with the judicial process. *See id.* at 921. Plaintiff's failure to comply with court directives impedes the orderly administration of justice. *See id.* As to Plaintiff's culpability, I find Plaintiff has exhibited a manifest disinterest in litigating this case. After the Court directed the United States Marshal to serve Defendant, Plaintiff has had the opportunity to follow up on whether the service was accomplished. If service was not effected, Plaintiff could have notified the Court and requested another order directing the United States Marshal to serve Defendant. If service was effected and Defendant simply chose not to answer, Plaintiff could have followed the procedure in place to seek a default judgment. *See* FED. R. CIV. P. 55. Regardless, Plaintiff could have properly complied with this Court's order entered on June 8, 2007. (Doc. 3.) He has chosen not to do any of these things. Consistent inaction should not be excused.

10.  I have given Plaintiff notice of the possibility that his case would be dismissed without prejudice if he failed to comply with Court orders. (*See* Doc. 3.) In light of Plaintiff's disregard of court orders, rules of civil procedure, and local rules of this Court, I find that lesser sanctions would not be effective, but will not impose the much harsher sanction of dismissal with prejudice. *See Meade v. Grubbs*, 841 F.2d 1512, 1520-22 (10th Cir. 1988).

**Recommended Disposition**

I recommend that the District Judge dismiss Plaintiff's complaint without prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within

---

[1] The dismissal in *Ehrenhaus* was a discovery sanction pursuant to FED. R. CIV. P. 37(b)(2)(C). *Ehrenhaus*, 965 F.2d at 918. In this case, while I find dismissal is an appropriate sanction under either FED. R. CIV. P. 4(m) or 12(a), it is still proper to make findings using the *Ehrenhaus* factors. *See, e.g.*, *In re Hopkins*, 1998 WL 704710, at *2 (10th Cir. Oct. 5, 1998) (discussing the *Ehrenhaus* factors in an appeal from a district court's dismissal for failure to prosecute and citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard NW, Albuquerque, NM  87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**