IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK H. ENSLEY,

      Plaintiff,

vs.                                                        Civ. No. 07-0208 CLH/LCS

NEW MEXICO BEHAVIORAL
HEALTH INSTITUTE AT LAS VEGAS,

      Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant New Mexico Behavioral Health Institute's ("Defendant") Motion for More Definite Statement (Doc. 10), filed Aug. 21, 2007, and on its Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and for Lack of Notice under the New Mexico Tort Claims Act (Doc. 12), filed Oct. 9, 2007. Plaintiff Mark H. Ensley, who is proceeding pro se and *in forma pauperis*, has not responded to either motion other than to file a document asserting that the Defendant refuses to turn over reports in its possession concerning Mr. Ensley's allegation that one of its employees attacked him while he was a patient at the Defendant's facility. *See* Doc. 13, filed Oct. 12, 2007. The Court, having considered the parties' submissions, the complaint, and the applicable law, concludes that Defendant's motion to dismiss should be granted in part and Plaintiff's complaint should be dismissed.

**I. Background**

On March 1, 2007, Plaintiff, proceeding *pro se*, filed a form complaint against the Defendant entitled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Doc. 1. Although he did not name Kevin Atler as a Defendant in the style of the case, Plaintiff listed Mr. Atler, a "psychiatric aide

supervisor," in the jurisdictional section of the complaint and printed "UNKNOWN" in answering whether Atler was acting under color of state law at the time Mr. Ensley's claims arose. *See id.* at 2. Plaintiff stated: "Kevin Atler assaulted and battered [Plaintiff] without just cause, nor good reason. This involves medical malpractice, psychiatric misdiagnosis, public corruption, civil rights violation, human rights violation; judicial malpractice." *Id.* As counts, Plaintiff listed "1st Degree Assault," "1st Degree Battery," and "False Imprisonment." *Id.* at 3-4. Regarding the false-imprisonment charge, Plaintiff states that "medical malpractice involved, as well as no proof of physical evidence for the bogus alleged criminal charge. Discrimination by retaliation, by Kevin Atler, bearing false witness against me, moving me to maximum security, for complaining." *Id.* at 4. Plaintiff claims that he filed "a complaint with Irma Sena of N.M.B.H.I.L.V. - Internal Affairs." *Id.* at 3. He requests "financial restitution" and "Kevin Atler being fired without pay." *Id.* at 5.

Defendant first filed a motion for more definite statement, contending that the sparse facts stated in the complaint did not give it enough information to respond or to raise its affirmative defenses. Specifically, Defendant complains that Plaintiff failed to state "the date or dates on which the events described in his Complaint purportedly took place," Doc. 10 at 3; that because Plaintiff stated "unknown" on the issue "whether the Defendant was acting under color of state law when the events stated in plaintiff's complaint took place, Plaintiff failed to meet his burden to plead the existence of 'a real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action was taken 'under color of state law,'" *id.* (quoting *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995)); and that, although the Plaintiff referred to alleged constitutional violations, he pleaded only three specific counts of state-law tort claims, which calls into question the Court's subject-matter jurisdiction, *see id.* at 4. The Defendant contends that,

2

without more specific information, it cannot ascertain whether this Court has subject-matter jurisdiction over the suit. Plaintiff did not respond to this motion, nor did he request leave to amend his complaint.

The Defendant later filed a motion to dismiss Plaintiff's complaint for failure to state a cause of action under § 1983. *See* Doc. 12 at 2. The Defendant asserts that it is a state mental health agency, and that the Plaintiff failed to assert any facts indicating "that an alleged assault and battery can support a cognizable § 1983 claim" against it. *Id.* at 7.

The Defendant also contends that, insofar as the Plaintiff may be attempting to state a claim against it under the New Mexico Tort Claims Act, it is barred because the Plaintiff failed to send written notice of his tort claims to the New Mexico Risk Management Division within ninety days after the alleged occurrence giving rise to his claims and/or because the government agency did not have actual notice that litigation would likely ensue. *See id.* at 3-4; N.M.S.A. 1978 § 41-4-16(A), (B).

**II. Standard**

A motion to dismiss should be granted

". . . if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur* [sic] *v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)). As we have explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (emphasis in original). Because Mr.

Ensley proceeds pro se, the Court liberally construes his complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But "[t]he broad reading of the [pro se] plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

> [T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Id.* (citations omitted). The Tenth Circuit has held that a

> court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim. *Cf. Denton v. Hernandez*, 504 U.S. 25, 34, 112 S. Ct. 1728, 118 L.Ed.2d 340 (1992) (holding that under a prior version of [28 U.S.C.] § 1915, "if it appears that frivolous factual allegations could be remedied through more specific pleading, a court of appeals reviewing a § 1915(d) disposition should consider whether the district court abused its discretion by dismissing the complaint with prejudice or without leave to amend").

*Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

Because the Plaintiff is proceeding under 28 U.S.C. § 1915, the Court also must dismiss the case "at any time if the Court determines that . . . the action . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

**III. Discussion**

28 U.S.C. § 1331 provides that federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. "Under 28 U.S.C.

§ 1331, federal-question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Id.* Even where the complaint alleges that there is federal-question jurisdiction, the suit will be dismissed for lack of jurisdiction "when the claim is too insubstantial for consideration or is wholly insubstantial and frivolous." *Id.* (internal quotation marks and citations omitted).

Although Plaintiff's complaint is entitled a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," § 1983 does not create substantive rights, but merely creates "a remedy for the violations of rights secured by federal statutory and constitutional law." *Gallegos v. City & County of Denver*, 984 F.2d 358, 362 (10th Cir. 1993)(quoting parenthetically *Tafoya v. Adams*, 816 F.2d 555, 558 n.5 (10th Cir. 1987)). It has long been held that a state agency is not a "person" under § 1983 and is immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The state's immunity also extends to a state employee sued in his or her official capacity for monetary damages. *See id.* at 71; *Ruiz v. McDonnell*, 299 F.3d 1173, 1180-82 (10th Cir. 2002). "*[O]nce effectively asserted*, [sovereign] immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) (emphasis in original). Because the Plaintiff has sued only the state agency, Mr. Ensley has not stated a claim under § 1983. He did not attempt to file an amended complaint after having been given notice that his complaint may not be sufficient to allege federal subject-matter jurisdiction, and the Court must dismiss the § 1983 claim under § 1915(e)(2)(B)(iii).

Accordingly, the Court may not exercise jurisdiction over any potential state-law claim under

the New Mexico Tort Claims Act. "Exclusive original jurisdiction for any claim under the Tort Claims Act shall be in the [state] district courts of New Mexico," N.M.S.A. § 41-4-18, unless this Court has diversity jurisdiction or exercises its discretion to take pendent jurisdiction over state-law claims after finding an independent basis for federal subject-matter jurisdiction. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("[Federal] District courts do not otherwise have jurisdiction to hear pendent state law claims but for their intertwinement with claims over which they have original jurisdiction."). Even if Mr. Ensley had also named Atler as a defendant, the Court would not exercise supplemental jurisdiction over any state-law tort claims against Atler for assault, battery, or false imprisonment. *See* 28 U.S.C. § 1367(c)(3) (providing that district courts may decline to exercise supplemental jurisdiction over state-law claims if the district court has dismissed all federal claims over which it has original jurisdiction); *United Mine Workers v. Gibbs*, 383 U.S. 715, 722-26 (1966) (noting that a federal court must have a substantial basis for federal jurisdiction in order to hear pendent state-law claims and stating that, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well"); *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (holding that, when federal jurisdiction is based solely upon a federal question, absent a showing that "the parties have already expended a great deal of time and energy on the state law claims, . . . a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial").

An Order in accordance with this Memorandum Opinion shall be entered contemporaneously.

Case 1:07-cv-00208-LH-LCS   Document 16   Filed 01/24/08   Page 7 of 7

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

7